Our next case for argument today is United States v. Anderson, and not Mr. Robert Anderson. Mr. Dyson. Thank you, your honor. May it please the court, Tom Drysdale on behalf of the defendant, Robert Anderson. The sole and narrow issue before this court is a supervised release condition, special condition number 15, which says that Mr. Anderson shall not have any contact with a sex offender. The parties have already agreed that the lack of scienter requirement does necessitate remand. So the only question that's left before this court is whether that remand actually is necessary or whether the condition can be simply removed or remanded back to the district court with instructions to remove it without further proceedings. Mr. Drysdale, you've argued that we should not remand this to the district court given your argument that the district court didn't give sufficient reasoning for it. Is your argument that we don't have the authority to remand it or that as a matter of discretion, since an explanation wasn't given, we should not remand it? It's the latter, your honor. It would be that we believe this was fully and fairly litigated in the district court. The arguments were presented and the district court had the opportunity to present the explanation and it just simply didn't. And so I would briefly address the government's contention that there is no authority for this. I think there is. We've cited cases in our brief, particularly from the Fourth Circuit, where conditions of supervised release that were not supported by the 3553A factors were simply excised from the judgment. Indeed, we did that ourselves in the most recent case of this kind. Certainly, your honor. And so there is absolutely authority for this court to take that step if this court believes that it is appropriate. So I think the question is then whether it is appropriate. There is always the question in these supervised release cases. And I phrase the question with capital letters. Who cares, right? The statute says judges may add, subtract, or modify conditions of supervised release at any time. So why is it important to do this now rather than just ask the district judge to do it before the man is released? It does seem that very little turns on this. Your honor, I would think that it's important because, one, the district court does have the obligation to explain the condition. But more so now, so we don't have to go through the process of some kind of eve of release hearing or modifications. But it seems likely that you will go through this process the other way. If the prosecutor thinks there's any benefit to a condition like this, the prosecutor will ask for it to be added. And then we will be back in the same pot trying to figure out what's the right thing to do and what's the right language to use. Your honor, I think my response to that would be that if the prosecutor is going to make the motion under 3583E to add the condition, then the burden is on the government at that point to justify its condition rather than leave it in the judgment when it was not sufficiently justified originally. Wouldn't the burden be on the government if it's remanded anyway? Your honor, if it's remanded with the idea that the condition should be stricken, then we would be in a position that we wouldn't need to relitigate. But we wouldn't need to remand it if we're just going to strike the condition. Correct. Just remove it. It's just gone. Right. And sorry, I believe I misspoke when I said that, but yes. So if we remand it for the court to consider whether or not special condition 15 is appropriate, the burden is on the government to establish it. Correct, your honor. So it's just a matter of timing. Right. And that's why I think it's our position that the easiest thing here would be to remove it. And to Judge Easterbrook's question about whether or not it's going to happen down the road, I don't necessarily know. We don't know for sure that after his time in prison that the government is going to make that move. So I think that the easiest thing to do right now on appeal is to look at whether or not the district court provided the explanation that it needed to provide. And so I think our position on that is relatively clear. Usually when we have conditions of supervised release in a judgment, there are very lengthy explanations underneath them, multiple sentences of why the condition is being imposed. And we, as counsel, are asked to waive formal reading of those, and we often do. Here, we're looking at the district judge saying nothing more than, I think it's harmless and it's important. That simply is not enough to justify a condition of supervised release under 3553A. And I want to be clear about something. Counsel, didn't the district judge also talk about the need for this if the supervised release was extended past the defendant's sex offender treatment? Not really, Your Honor. I think he makes one statement that says it's possible that supervised release could outlast the sex offender treatment. But the justification, particularly, that was given by the government for the supervised release condition was that it would essentially make revocation easier, would streamline the revocation process. That's the explanation that was given for why this condition is necessary. And we would put forth that that's just simply not a 3553A consideration to put a supervised release condition in that we objected to as an unnecessary liberty restriction. But the court didn't say that. No, Your Honor. But I guess what I'm saying is that's the only explanation, really, that the government provided. And all the court said was, I think it's harmless, it's important. And that's really the justification that was given. Although, as Judge Kohler mentioned, the district judge did allude earlier about the length of time of supervised release versus sex offender treatment. Do you agree you made certain arguments about contact and the word contact being vague? Do you agree that if the scienter is added, that that argument is moot? Your Honor, all we meant with contact being vague was that it should exclude incidental contact. That's pretty standard language. We didn't mean to undercut any of the cases where this court has said that contact in and of itself is considered. And do you agree the scienter requirement would moot that issue, that you don't have to worry about incidental? If you have to know about it, it's not going to be incidental. I think that's correct, yes. And so the last, I think, couple points that I would make is that any idea that this condition that he not associate with sex offenders can be in place simply based on his crime, that's incorrect. This court has said that supervised release conditions cannot be imposed based on generalizations about the defendant's crime and criminal history. And I do want to point out an inaccurate statement in the government's brief at pages 16 to 17. It said that the district court found that the condition, quote, was important to promoting Mr. Anderson's rehabilitation and protecting the public. That's not anywhere in the transcript. The district judge did not say that. That is not part of the reasoning for imposing this condition. And so for these reasons, Your Honor, we believe that this condition was litigated. There was an opportunity to explain it. It was not explained. It is not supported by the 3553A factors, and we would ask this court to strike the condition from the judgment. If there's no further questions. Thank you, Mr. Drysdale. Thank you. Mr. Kinstra. May it please the court. Good morning, Your Honors. Jeff Kinstra on behalf of the United States. The only disputed issue that this court needs to resolve to decide this appeal is the scope of the appropriate remedy. And the government's position is that the appropriate remedy here is a remand for the district court to revisit this condition because the defendant is alleging an error in imposing the condition. And as this court has recognized, sentencing errors, if not harmless, are remedied by returning the case to the district judge for reconsideration untainted by the error. The reason for that is that the discretion to impose sentence, including conditions of supervised release, belongs to the district court. And so if there's some error in the district court's exercise of that discretion, the case has to be remanded so that the district court who – That's true about, say, the length of sentence because the district court's authority is limited. But I don't see why it's true about conditions of supervised release, which can be added or modified at any time on anyone's motion. That's true as well, but this court, in frankly numerous cases, has addressed the exact same sorts of errors that the defendant is alleging here involving a condition's wording or the – We've remanded in some and we've just vacated the condition in some. The most recent, United States against Ford, we simply vacated the condition. I notice the government hasn't asked for rehearing in Ford. Not to my knowledge. So the point is not that there's never any circumstance where a court could excise a condition. Most often that occurs when the oral pronouncement differs from the judgment. Of course, the oral pronouncement is the sentence, and so in those circumstances it's appropriate for this court simply to modify the judgment to accord with oral pronouncement. In other circumstances, if, for example, the government didn't intend to seek the condition on remand and there were no basis in the record on which the district court could impose such a condition, then a remand really in that instance would be fruitless and there would be no need to do that. That's not the case here. The defendant is alleging errors in imposing the condition, and the condition would be amply justified on the existing record. The district court agreed with the government, so we're not asking for a redo. We're not asking for a second bite at the apple. The district court found that this condition was appropriate. In that respect, it was in agreement with the defendant's own treatment provider. How do you respond to the defendant's argument in the brief that this condition would interfere with his rehabilitation efforts when his treatment ends? Sure. I understand the concern. That's not something that the defendant raised in the district court and that the district court didn't address it. Certainly the intent was not to preclude that. The defendant did raise that briefly in the district court. The district court did not address that, and it wasn't addressed in your brief. And so I think that wouldn't change the scope of the relief, and the government would agree on remand that it would be appropriate to include an exception that the defendant shall not knowingly meet, communicate, or otherwise interact with any person he knows to be a sex offender except as necessary to participate in approved sex offender treatment. I think that would accommodate all the concerns that the defendant has raised in this appeal and would be perfectly consistent with this court's case law. Unless your honors have any further questions, the government would ask this court to vacate Special Condition 15 and remand so that the district court, who has the discretion to impose conditions of supervised release, can exercise that discretion and otherwise to affirm the judgment. Thank you. Thank you very much. Anything further, Mr. Drysdale? Nothing further on that, Your Honor. Thank you. Thank you very much. The case is taken under advisement.